Chief Justice Robertson
delivered- the Opinion of the Court.
this writ of error, Sarah Bronaugh, executrix of George Bronaugh, deceased, seeks to set aside, on various grounds, an order made by the County Court of Jessamine, approving a report made by commissioners apr,0inted to make a settlement of her fiducial accounts.
* . . . . The only exception to the report which we deem *125 available, is, that it charged the plaintiff too much for a slave (Beverly) whom she elected to take under the will, and too much, also, for a slave (Austin) whom she bad allotted .to her son John.
The testator, among other things, bequeathed to the plaintiff, who was his wife, and to. such of his children as had not been provided for, eight hundred and two dollars fifty cents — to be allotted to-each, in property to be valued “at the same rate” as that at which he had estimated property which he had advanced to his son William, and his son-in-law Dishman, to the amount of eight hundred and two dollars fifty cents — according to an estimate preserved in a memorandum book; and which shows that he had charged William with five hundred and eighty dollars for a negro woman (Judy) about thirty two years old and her child about four months old, given to him in the year 1820; and had charged Dishman with a correspondent price for two young slaves given to him.
It appears, also, fron\ testimony taken in this case, that, in 1820, the woman and child advanced to William by the testator, were not worth, in money, at the then maximum vendible price more than' four hundred dollars; and also that the slaves given to Dishman had been estimated by the testator, at sums exceeding, in about the same ratio, their actual exchangeable value when they were given.
The plaintiff, having by the will, authority to make a selection of property for herself, and a right to retain it at whatever sum good men, to be selected by herself, should estimate it,^according to “the rate” fixed by the testalorj elected, among other things, to take the slave Beverly, who was valued by three persons, selected by herself, at four hundred dollars — which, as they have testified, they considered the actual money value of him in l835, when their-estimate was made out; and *126 she also allotted to John Bronaugh, the slave Austin, at the price fixed by the same persons, which was four hundred and fifty dollars.
And it appearing from the testimony of several witnesses whose depositions were taken in this case, that Beverly and Austin were worth, in 1835, about seven hundred dollars each, the commissioners acting, as they supposed, by the standard prescribed by the will, charged her for each of them, nine hundred and forty two dollars fifty cents.
In estimating the value of property advanced to William and George Bronaugh and to Dishman, the testator seems to have disregarded the oscillations in the vendible prices which, from time to time, arise.from derangements in the currency and other accidental causes, and to have adopted, as his criterion,, the intrinsic average value of all times. — good and bad.
From the testimony, and especially that of McClure, it appears that such boys as Austin and Beverly would have been worth, in 1820, about as much as such a woman and child as Judy and her offspring then were; and that such a woman and child as they then were would have been worth, in 1835, about as much as Austin and Beverly were each worth at that time. .
It is evident, therefore, that — to effectuate the testator’s intention of equality by an equalization of the value of property among his wife and children, by the ratio prescribed by himself when he made advancements— Austin and Beverly should be estimated at about five hundred and eighty dollars each.
And therefore, as the persons selected by Mrs. Bronaugh to fix the values of Austin and Beverly, did not, as required by the testator, regard the rule of equality prescribed by his will, the County Court did right in disregarding the valuation made by them, of Austin; and that also of Beverly,' for the same reason, and also because, as to him, they had no power under the will to fix the value.
And we are of the opinion, also, that, as the will directed that property selected for herself by the widow, and that also allotted by her to the children, should be *127 estimated by the standard which the testator Had adopted in the advances he had made, and as she selected BeVerly for herself, and allotted Austin to her son John, she and he should now be charged with the just value according-to the prescribed standard — without a re-selection, or re-allotment of other property to be estimated by the same standard; and that,. therefore, they should keep Austin and Beverly, and be charged five hundred and eighty dollars for each.
A widow may and stock by support or be amiyi and she charged with them as adm'x, she,. he equivalent, and created with the support of the ab'nlfg charged with the provislon!”
But as the County Court charged higher sums — the settlement, in that respect, must, on that ground, be set aside.
We percieve no other error to the prejudice of the plaintiff in error. ' '
Nor do we percieve any in her favor, which should be corrected on a re-settlement, if the three hundred barrels of corn charged against . her, constituted all of that article on hand, at the time of the testator’s death; for, in that event, we presume that one huni i , , i i n r dred and fifty barrels, worth one hundred and fifty dollars, would not have been more' than she was entitied to by law, for her own use during the year. But if, independently of the three hundred barrels, there was other corn on hand which she used, the County Court erred in allowing her one hundred and fifty dollars for. maintenance of herself and children; because they were entitled only to the use of the provisions and stock on hand for their maintenance. If, however, the County Court charged her with all the com owned by the testator at his death, in January, 1832, we could not say that the allowance made by that court, of one hundred and fifty dollars, was more than'the value of the corn which she had a right to consume. '
Wherefore, in consequence of the exorbitance of the amounts charged by the County Court settlement for Austin and Beverly, the order of that Court overruling the exception to those items in the .report by the commissioners, and approving the same, is set aside, and the case remanded for the proper corrections of the settlement, as herein before suggested.